Filed 4/24/26  P. v. Mvuemba CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LANDU MICHAEL MVUEMBA,<br><br>    Defendant and Appellant. | B342855<br><br>(Los Angeles County<br> Super. Ct. No. SA056090) |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph J. Burghardt, Judge.  Affirmed.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General for Plaintiff and Respondent.

Appellant Landu Michael Mvuemba appeals from an order resentencing him pursuant to Penal Code section 1172.75.[1]  We affirm.

## BACKGROUND

In 2005, Mvuemba lured a 15-year-old developmentally disabled girl into his car in the parking lot of a Chuck-E-Cheese and sexually assaulted her.  (See *People v. Mvuemba* (Nov. 30, 2006, B186622) [nonpub. opn.] (*Mvuemba I*).)  That same year, a jury found Mvuemba guilty of forcible rape, forcible sodomy, attempted forcible oral copulation, and lewd acts on a child.  The jury further found Mvuemba had suffered a prior strike, prior serious felony conviction, and prior prison term.  (§§ 1170.12, subds. (a)–(d), 667, subd. (a)(1), 667.5, subd. (b).)

The court sentenced Mvuemba to an aggregate term of 45 years 4 months in state prison.  His sentence included the upper term on counts 3 and 4, based on the court's findings that "the victim was particularly vulnerable," the crime involved planning, and Mvuemba had committed it while on parole.  The sentence also included a one-year prior prison term enhancement, and a five-year prior serious felony enhancement.  In two prior opinions, we affirmed Mvuemba's sentence.  (See *People v. Mvuemba* (Dec. 5, 2008, B186622) [nonpub. opn.] (*Mvuemba II* ), review denied Feb. 18, 2009; *Mvuemba I*, *supra*, B186622.)

In 2022, Mvuemba became eligible for resentencing pursuant to section 1172.75 (Senate Bill No. 483).  At a 2024 hearing on Mvuemba's petition for resentencing, the court struck the now invalid section 667.5 one-year prior prison term

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

enhancement and resentenced Mvuemba to an aggregate term of 44 years 4 months in state prison. This new sentence included, as had the original sentence, the upper term on counts 3 and 4, and a five-year prior prison term enhancement.

## DISCUSSION

Section 1172.75 requires a court to strike any section 667.5 prior prison term enhancement and recall the defendant's sentence. (§ 1172.75, subd. (c).) It further requires the court to resentence the defendant under current law, including any laws "that reduce sentences or provide for judicial discretion." (§ 1172.75, subd. (d)(2); see also *id.*, subd. (d)(1); see *People v. Grajeda* (2025) 111 Cal.App.5th 829, 836.)

Mvuemba timely appealed the court's order resentencing him pursuant to section 1172.75. He concedes the court properly struck the section 667.5 enhancement, but argues the court failed to properly apply current law in resentencing him. First, he contends the current version of section 1170 prohibited the court from imposing an upper term sentence without jury findings on aggravating factors. Second, he contends section 1385 permitted the court to strike the five-year prior prison term enhancement, and that the court abused its discretion in declining to do so. We disagree with Mvuemba's arguments and affirm.

### A. Section 1170 and Imposition of Upper Term Sentence

When Mvuemba was originally sentenced, section 1170, subdivision (b) "provide[d] that the choice between the lower, middle, and upper terms 'shall rest within the sound discretion of the court' . . . . (Former § 1170[, subd.] (b), enacted by Stats. 2007, ch. 3, § 2 pp. 6–7.) . . . [J]udges [had] 'broad discretion in

3

selecting a term within a statutory range.' " (*People v. Lynch*
(2024) 16 Cal.5th 730, 747 (*Lynch*).)  The statute did not require
any particular aggravating facts to justify imposition of the upper
term.  (See *ibid*.)  In 2022, the Legislature amended section 1170,
subdivision (b) to permit a sentence exceeding the middle term
only when "there are circumstances in aggravation of the crime
that justify the imposition of a term of imprisonment exceeding
the middle term and the facts underlying those circumstances
have been stipulated to by the defendant or have been found true
beyond a reasonable doubt at trial by the jury or by the judge in
a court trial."  (§ 1170, subd. (b)(2); *Lynch, supra*, 16 Cal.5th at
p. 748; *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455,
466 (*Brannon-Thompson*).)

Section 1172.75, subdivision (d)(4) caveats these new
factfinding requirements, however.  It states:  "*Unless the
court originally imposed the upper term*, the court may not
impose a sentence exceeding the middle term unless there are
circumstances in aggravation that justify the imposition of a
term of imprisonment exceeding the middle term, and those facts
have been stipulated to by the defendant, or have been found true
beyond a reasonable doubt at trial by the jury or by the judge in a
court trial."  (§ 1172.75, subd. (d)(4), italics added.)  In *Brannon-Thompson*, our colleagues at the Third District held that this
language unambiguously permits a resentencing court to
reimpose an upper term—without heightened factfinding—
if it imposed the term originally.  (*Brannon-Thompson, supra*,
104 Cal.App.5th at pp. 466–467.)  Under this interpretation,
with which we agree, "the new burden of proof amendments
to section 1170, subdivision (b) apply only if the trial court is

4

imposing the upper term for the first time at a section 1172.75 resentencing." (*Brannon-Thompson, supra*, at pp. 466–467.)

Mvuemba urges us to reject the reasoning of *Brannon-Thompson* in favor of the Sixth District's decision in *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 330 (*Gonzalez*), which disagreed with *Brannon-Thompson*. The *Gonzalez* court expressly "acknowledge[d] that the plain language of section 1172.75, subdivision (d)(4) . . . could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence." (*Gonzalez, supra*, 107 Cal.App.5th at pp. 328–329.) But the court went on to state that "another reasonable interpretation of section 1172.75, subdivision (d)(4) would simply restrict the scope of defendants eligible to receive the upper term at resentencing to those who previously received the upper term, instead of creating a condition or exception independently justifying the imposition of the upper term." (*Gonzalez, supra*, at p. 329, italics omitted.) Under this interpretation, an upper term sentence is not permitted unless the court imposed the upper term at the original sentencing *and* a trier of fact found the requisite aggravating factors beyond a reasonable doubt. (*Ibid.*) The *Gonzalez* court held this interpretation was necessary to avoid a Sixth Amendment violation under *Lynch*, which held that under amended section 1170, subdivision (b), " 'a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence.' " (*Gonzalez, supra*, at p. 330.)

We disagree with *Gonzalez*. The construction of subdivision (d)(4) of section 1172.75 that *Gonzalez* advances is inconsistent with the provision's wording and grammatical structure. *Gonzalez* reads the first clause of the subdivision

5

as though it is appended to the end of the provision by the conjunction "and." But the first clause of the subdivision begins with the word "unless"—a subordinating conjunction that signals an exception—and the clause appears at the beginning of the provision set off by a comma, indicating that it modifies the text that follows.

It is also unnecessary to look beyond the plain meaning of section 1172.75, subdivision (d)(4), because no Sixth Amendment violation threatens here. When Mvuemba was sentenced in 2005, the prior version of section 1170 granted courts broad discretion to select any of three applicable prison terms.[2] As *Lynch* explained, under that sentencing scheme there was no requirement to find a particular fact to justify imposition of the upper term sentence. (See *Lynch, supra*, 16 Cal.5th at p. 747.) Where the resentencing court elects to retain an upper term sentence that complied with the Sixth Amendment when originally imposed, the court need not engage in additional factfinding under subdivision (d)(4) of section 1172.75. (*People v. Mathis* (2025) 111 Cal.App.5th 359, 373–374, review granted Aug. 13, 2025, S291628.) This is so because the Legislature is free to "write statutes that provide for a different or more limited form of retroactivity, or for no retroactivity at all," and may "disclaim the application of a new ameliorative law to proceedings that occur after a defendant's conviction or sentence

---

[2] We also affirmed the upper term sentence in a direct appeal raising a Sixth Amendment challenge in 2006 (see *Mvuemba I, supra*, B186622), as well as in 2008 on remand from a California Supreme Court decision requiring reconsideration in light of changes to Sixth Amendment law (see *Mvuemba II, supra,* B186622, review denied Feb. 18, 2009).

has been vacated." (*People v. Padilla* (2022) 13 Cal.5th 152, 162.) "Section 1172.75, subdivision (d)(4), does exactly that. It expresses the Legislature's intent that the new, heightened factfinding requirements for aggravating factors do not apply where the defendant was originally, lawfully sentenced to an upper term." (*Mathis, supra*, 111 Cal.App.5th at p. 374.)

During Mvuemba's resentencing proceeding, the court permissibly elected to retain the upper term sentence previously imposed under a sentencing scheme that was fully consistent with his Sixth Amendment right to a jury trial. We thus decline Mvuemba's invitation to discount *Brannon-Thompson* in favor of *Gonzalez*. The court did not err by imposing the upper term sentences on counts 3 and 4.

## B.    Refusal to Strike Five-Year Prior Prison Term Enhancement

The law section 1172.75 required the court apply at Mvuemba's resentencing also included section 1385, subdivision (c), which became effective after his original sentencing. (Stats. 2021, ch. 721, § 1 [effective Jan. 1, 2022]; Cal. Const., art. IV, § 8, subd. (c); Gov. Code, § 9600, subd. (a).) That section requires a court to "dismiss an[y] enhancement" if the court deems it "in the furtherance of justice to do so." (§ 1385, subd. (c)(1); see also *id.*, subd. (b).) To "guide the court's discretion in determining whether a dismissal is in furtherance of justice" (*People v. Mazur* (2023) 97 Cal.App.5th 438, 445 (*Mazur*)), section 1385 identifies nine "mitigating circumstances" (§ 1385, subd. (c)(2)(A)-(I)). The presence of a mitigating factor "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).) Our state Supreme Court has interpreted this "great

7

weight" language as requiring " 'a holistic balancing with special emphasis on the enumerated mitigating factors,' . . . [citation] . . . [s]tated simply, if the court does not conclude that dismissal would endanger public safety, then mitigating circumstances strongly favor dismissing the enhancement. But ultimately, the court must determine whether dismissal is in furtherance of justice." (*People v. Walker* (2024) 16 Cal.5th 1024, 1036 (*Walker*), italics omitted.)

We review a trial court's decision on whether to strike an enhancement under section 1385 for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 371.) Likewise, we review for abuse of discretion the "court's determination that dismissal of [an] . . . enhancement would endanger public safety." (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) We apply a presumption of regularity to judicial exercises of sentencing discretion. (*People v. Mosley* (1997) 53 Cal.App.4th 489, 496.) Thus, " ' "[t]he burden is on the party attacking [a] sentence to clearly show" ' " the court did not " ' "act[ ] to achieve legitimate sentencing objectives" ' " (*Carmony, supra*, 33 Cal.4th at pp. 376–377), or " 'based its decision on impermissible factors . . . or on an incorrect legal standard.' " (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225.)

At Mvuemba's resentencing, the court recognized a section 1385 "mitigating circumstance" applied: The five-year enhancement at issue was "based on a prior conviction that is over five years old." (§ 1385, subd. (c)(2)(H).) The court concluded that striking the enhancement, "even despite giving great weight to the mitigating circumstance[ ] . . . would not be in the furtherance of justice." Although not explicitly identifying them as aggravating factors, the court noted the following details of the crime in discussing whether to strike the enhancement: "[Mvuemba] forced himself on a 15-year-old girl. But for the police stopping him, he

8

would have continued. He lured her into his vehicle with alcohol and marijuana. He went to a location . . . [that] children frequent. When she entered his vehicle, his pants were already down and his penis was erect. The victim told the defendant she was 15 years old. Despite her telling him that . . . he still raped her and committed the other egregious offenses including sodomizing her. He refused to let her go, tried to take her to his house; but he was stopped for a traffic violation." The court then explicitly identified as "aggravating factors" that Mvuemba "performed poorly on probation in his strike case and, obviously, did not perform well on parole in his other case having committed these new offenses while still on parole."

Mvuemba argues that because the court never expressly found a danger to public safety, section 1385 required the court to give great weight to the mitigating circumstance. He further contends the probation violations the court identified as aggravating factors were insufficient to " 'neutralize . . . the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Walker, supra*, 16 Cal.5th at p. 1038.) On this basis, Mvuemba argues, the court abused its discretion in declining to strike the enhancement.

We disagree. A finding that Mvuemba endangered public safety is implicit in the court's reciting numerous specific details of the crime relevant to public safety. Although the court did not specifically discuss public safety concerns, "[t]he court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.) Neither *Walker* nor section 1385 require an express finding regarding danger to public safety. And the court further noted that Mvuemba was already on probation when he

9

committed the instant offenses, another factor suggesting an earlier release date for Mvuemba would endanger the public. The court acted within its discretion, and consistent with section 1385, when it concluded that striking the five-year enhancement would not be in furtherance of justice. (§ 1385, subd. (c)(1); see *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 981 [review for abuse of discretion gives court "broad latitude"].)

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


BENDIX, J.


WEINGART, J.